IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| GREG DEWAYNE HURST, | : | |
| Plaintiff, | : | |
| VS. | : | |
| THOMAS COUNTY JAIL, | : | |
| R. CARLTON POWELL, | : | NO. 7:13-CV-1 (HL) |
| DEBRA QUICK, and | : | |
| VIRGINIA WILLIAMS, | : | **ORDER AND RECOMMENDATION** |
| Defendants. | : | |

Plaintiff **GREG DEWAYNE HURST**, a pretrial detainee at the Thomas County Jail in Thomasville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. (Doc. 1).

Plaintiff seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). (Doc. 2). Plaintiff failed to provide the Court with a certified copy of his prisoner trust fund account statement. Therefore, in an Order dated March 19, 2013, the Court ordered Plaintiff to provide this information. (Doc. 7). Plaintiff responded to this Order and explained that he mailed a certified copy of his trust fund account to the Court on March 22, 2013. (Doc. 8). He provided the names of the officers who helped him obtain his account statement and who notarized his account certification form. (Doc. 8). Plaintiff explained that he is having trouble with his mail and requested that the Court notify him when it receives these documents. (Doc. 8). The Court has not yet received a certified copy of Plaintiff's account statement. However, it appears that Plaintiff has attempted to provide this

1

information to the Court and, through no fault of his own, is unable to do so.

Therefore, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Plaintiff is nevertheless obligated to pay the full filing fee, as is directed later in this Order and Recommendation. The Clerk of Court is directed to send a copy of this Order and Recommendation to the Thomas County Jail.

### I. *STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## *II. STATEMENT AND ANALYSIS OF CLAIMS*

Plaintiff states that he is a pretrial detainee who has been confined at the Thomas County jail since January 6, 2012. Plaintiff, who apparently suffers from schizophrenia, states that he requested mental health services in January 2012. (Docs. 1, 6). He states that Virginia Williams and R. Carlton Powell informed him that the jail did not receive federal funding "so [they could]

3

do what [they] want" and that they could not spend money on mental health treatment. (Doc. 1-1 at 1). According to Plaintiff, Defendant Williams told him that he would need to obtain mental health treatment after he is released from the jail. He has been incarcerated in the jail for approximately fifteen months. (Doc. 1-1).

Plaintiff states that he was finally allowed to see a psychologist on June 27, 2012 and Deborah Quick interrupted the session and attempted to place him "on medications of her choice." (Doc. 1 at 5). Plaintiff explains that he cannot take the medication Nurse Quick recommended because he is allergic to it. Plaintiff states that Nurse Quick ultimately refused to give him the medication that the psychologist prescribed. (Doc. 1 at 5).

According to Plaintiff, he has not been allowed to see a psychologist or receive any mental health treatment or medication since this one consultation on June 27, 2012. He states that his blood pressure and "other medical problems" are exacerbated because he has not received the necessary treatment for his mental illness.

Plaintiff has named the Thomas County Jail as a Defendant. County detention facilities, police departments, and sheriff's departments are not legal entities subject to suit or liability under 42 U.S.C. § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (advising that "sheriff's departments and police departments are not usually considered legal entities subject to suit"); *Bunyon v. Burke County*, 285 F. Supp.2d 1310, 1328 (S. D. Ga. 2003*)* (dismissing claim against police department, reasoning that it was not a legal entity subject to suit); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N. D. Ga. 1984) (concluding that the City of Atlanta Police Department is not a proper defendant because it is "merely the vehicle through which the City

4

government fulfills its policing function").

Therefore, the undersigned **RECOMMENDS** that the Thomas County Jail be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order.

However, Plaintiff has raised sufficient facts so that his Eighth Amendment claim regarding lack of necessary mental health treatment should proceed beyond this initial screening.

It is hereby **ORDERED** that service be made against Defendants **R. CARLTON POWELL, DEBRA QUICK, and VIRGINIA WILLIAMS**, and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, 28 U.S.C. § 1915, and the *Prison Litigation Reform Act*.[1]

**Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).**

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

---

1 The Court notes that Sheriff R. Carlton Powell and Virginia Williams have already filed an Answer to Plaintiff's Complaint. (Doc. 5). They must, however, be served with process in accordance with this Order and Recommendation.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that**

**failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in

any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. In addition, Plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

8

**SO ORDERED and RECOMMENDED**, this 17th day of April, 2013.

                                                      s/*THOMAS Q. LANGSTAFF*
                                                     UNITED STATES MAGISTRATE JUDGE

lnb