**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| GREG DEWAYNE HURST, | : |
| | : |
| Plaintiff, | : |
| | : |
| VS. | : |
| | :       **7 : 13-CV-1 (HL)** |
| R. CARLTON POWELL, *et al.*, | : |
| | : |
| Defendants. | : |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | : |

## ORDER AND RECOMMENDATION

Plaintiff filed Motions to Amend on May 24, 2013, June 21, 2013, and June 27, 2013. (Docs. 20, 21, 24).   Plaintiff filed his initial Complaint on January 2, 2013.   (Doc. 1).   On February 5, 2013, Defendants Powell and Williams filed an Answer.   (Doc. 5).   Defendant Quick was personally served on July 10, 2013, and filed her Answer on July 23, 2013.   (Docs. 27, 29).

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> (1) *Amending as a Matter of Course*
> A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

> (2) *Other Amendments*
> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.   The court should freely give leave when justice so requires

Plaintiff filed his first Motion to Amend on May 24, 2013.   It appears to have been filed more than 21 days after serving the Complaint on Defendants Powell and Williams, and it was filed more than 21 days after Defendants Powell and Williams filed their response, an Answer.

(Doc. 5).   However, Plaintiff's first Motion to Amend was filed prior to the filing of a response by Defendant Quick. (Doc. 29).   "If the case has more than one defendant, and not all have filed responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer." *Williams v. Board of Regents of University System of Georgia*, 477 F.3d 1282, 1291 (11th Cir. 2007).   Plaintiff's first Motion to Amend was timely filed under Rule 15(a)(1)(B) as to Defendant Quick.   Thus, Plaintiff's first Motion to Amend is **GRANTED**.

Although Plaintiff's first Motion to Amend is granted, the new claims remain subject to review and possible dismissal under 28 U.S.C. § 1915A(b).   A federal court is required to dismiss a prisoner complaint that is: "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).   To state a claim for relief, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).   A complaint fails to state a claim when it does not include enough facts to give the defendant fair notice of what the claim is and the grounds upon which it rests.   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted).   The pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).   While the Court must accept all the allegations contained in the Complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.*

In Plaintiff's first Motion, he states that he would like to add Nurse Winnie Olson regarding a lack of necessary mental health treatment.   (Doc. 20).   Plaintiff has provided no factual support

2

for this claim, and thus, Defendant Olson does not have fair notice of what the claim is and the grounds upon which the claim rests.   The Court finds that Plaintiff has failed to state a claim upon which relief can be granted.   Accordingly, the undersigned recommends that Plaintiff's first amendment (Doc. 20) be **DISMISSED** without prejudice, and that Defendant Nurse Winnie Olson be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this recommendation.

***Second and Third Motions to Amend***

Plaintiff's second and third Motions to Amend were also filed prior to any response by Defendant Quick.   (*See* Docs. 21, 24, 29).   While the second and third Motions would be timely pursuant to Rule 15(a)(1)(B) as to Defendant Quick, the Rule provides that a party may amend only <u>once</u> as a matter of course.   As these are Plaintiff's second and third Motions to Amend, Plaintiff's Motions cannot be granted as a matter of course.

The decision whether to grant leave to amend a pleading is within the sound discretion of the district court and is not automatic.   *Nat=l. Service Industries, Inc. v. Vafla Corp*, 694 F.2d 246, 249 (11th Cir. 1982).   Although the decision to grant or deny a motion to amend a complaint is within the discretion of the Court, "a justifying reason must be apparent for denial of a motion to amend." *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993).   The Court may consider "such factors as 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

opposing party by virtue of allowance of the amendment [and] futility of the amendment.'"
*Foman v. Davis*, 371 U.S. 178, 182 (1962).

In Plaintiff's second Motion to Amend, he alleges that he is being denied his right to outside recreation out of retaliation.   (Doc. 21).   Plaintiff does not provide a reason for the retaliation, and states that he cannot prove it.   Plaintiff also does not name any defendants regarding this claim.   Further, Plaintiff states that he would like to add Capt. Ron James as a defendant, but provides no allegations to show that Capt. James has violated his constitutional rights.   The Court finds that Plaintiff's proposed amendment would be dismissed for failure to state a claim, and thus, is futile.   *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.").   Accordingly, Plaintiff's second Motion to Amend (Doc. 21) is hereby **DENIED**.

In Plaintiff's third Motion to Amend, he requests the Court add Capt. James as a defendant because Capt. James slandered Plaintiff and discriminated against him when Plaintiff's friend tried to pay Plaintiff's bond.   (Doc. 24).   In his Complaint, Plaintiff alleges that Defendants Williams, Powell, and Quick denied Plaintiff adequate treatment for his mental illness.   (Doc. 1).   The allegations contained in Plaintiff's third Motion to Amend do not arise out of the same transaction or occurrence as the claims raised in Plaintiff's Complaint.   The Court therefore will not allow joinder of these additional claims in the instant action. *See* Fed.R.Civ.P. 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produce[s] but also to ensure that prisoners pay the required filing fees[.]").   Therefore,

Plaintiff's third Motion to Amend (Doc. 24) is hereby **DENIED**.

***Motion for Speedy Trial***

Plaintiff has also filed a Motion requesting the Court grant him his right to a speedy trial. (Doc. 24-1).   The Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial[.]"   U.S. Const. amend VI.   "By its express terms, the Sixth Amendment does not apply to civil cases, and there is no civil equivalent to a constitutional right to a speedy trial."   *Branham v. Astrue*, 2009 WL 1025393, *2 (M.D. Ga., April 15, 2009). Plaintiff's request for a speedy trial is therefore **DENIED.**

**SO ORDERED AND RECOMMENDED**, this 15th day of August, 2013.

*s/ THOMAS Q. LANGSTAFF*
**UNITED STATES MAGISTRATE JUDGE**

llf