IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**GREG DEWAYNE HURST,**

    Plaintiff,

v.

**R. CARLTON POWELL, et al.**,

    Defendants.

Civil Action No. 7:13-CV-1 (HL)

**ORDER**

Before the Court is the Recommendation by Magistrate Judge Thomas Langstaff (Doc. 46) that the motions for summary judgment (Docs. 35, 44) by Defendants be granted. Plaintiff has filed Objections[1] (Docs. 47, 48) to the Recommendation, and Defendant Deborah Quick has filed a Reply to Plaintiff's Objections (Doc. 49). After undertaking a *de novo* review of the Recommendation, the Court finds that it should be accepted and adopted in full.

Plaintiff has brought a claim of deliberate indifference to his medical needs against Defendants Quick and Williams and alleges that Defendant Powell, as the Thomas County sheriff, is liable under the *respondeat superior* doctrine. Plaintiff has failed to prove that he suffered from an "objectively serious medical need" and that Defendants were deliberately indifferent to such a need. *See*

---

[1] The Court construes Plaintiff's "Motion to Oppose Summary Judgment" (Doc. 48) as an objection to the Recommendation since the time for responding to the motions for summary judgment is long past.

Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004). The record shows that Defendants provided Plaintiff with frequent medical care and that he refused to sign a medical release form allowing the medical personnel in the Thomas County Jail to obtain his past medical records and substantiate his demands for mental health treatment outside the jail. Thus, Plaintiff has failed to carry his burden of proof on the claim that his due process rights as a pre-trial detainee were violated, and Defendants are entitled to summary judgment.[2]

**SO ORDERED**, this the 4th day of March, 2014.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

scr

---

[2] Defendant Powell would also be entitled to summary judgment even had Plaintiff carried his burden of proof with regards to Quick and Williams, for *respondeat superior* does not create supervisory liability for claims brought under 42 U.S.C. § 1983. See Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999).